CALOGERO, Chief Justice,
dissenting from refusal to grant rehearing.
I would grant the rehearing and docket the case for briefing and oral argument for two reasons.
First, this court’s recurring practice by which a court majority reverses a court of appeal decision summarily (and, in this case, without even so much as a stated reason) is hardly defensible. See Day v. Delchamps, Inc., 97-1244 (La. 9/19/97), 701 So.2d 178; Super Stop Enterprises, Inc. v. Alcoholic Beverage Control Bd., 97-1128 (La. 6/30/97), 696 So.2d 1373. Ours is not an error correction court, but a court of last resort whose main function is to guide the jurisprudence and decide important legal issues.
Second, I believe that the court of appeal was correct when it held that the numerosity and common character requirements necessary for preliminary certification of a class action were established. The potential class consists of as many as 136 claimants. PCS *680 has, within its exclusive control, information which would rebut the inference that these potential claimants are entitled to excess wages, but it has adamantly refused to produce this information to the plaintiffs. Additionally, the question of the plaintiffs’ entitlement to penalties and attorneys fees is one common to all potential class members and predominates over the issue of the amount of the plaintiffs’ individual wage claims. Therefore, the trial court’s determination that the plaintiffs failed to establish the requisite elements for a preliminary class certification was properly reversed by the court of appeal.